IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RODOLPHO BRANCH, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO. 7:12-CV-57  HL MSH |
| : | 28 U.S.C. § 2241 |
| ERIC HOLDER, *et al.*, : | |
| : | |
| Respondents. : | |

_____

**RECOMMENDATION OF DISMISSAL**

Petitioner filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241 in this Court on April 30, 2012.  In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency.  (Pet. for Writ of Habeas Corpus 1, ECF No. 1.)  Respondents were ordered to answer the petition, and did so in the form of a Notice of Petitioner's Removal on September 17, 2012.  (ECF No. 10.)  Respondents' Notice states that Petitioner was removed to his native country of Panama on August 7, 2012.  (*Id.*)    Because of Petitioner's removal, the Court recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted).  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give

the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.  Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted.  *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 5th day of October, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE